IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| SOVERAIN SOFTWARE LLC,<br><br>    Plaintiff,<br><br>v.<br><br>INTERNATIONAL BUSINESS MACHINES CORP., FOSSIL, INC., THE HOME DEPOT, INC., THE HOME DEPOT U.S.A., INC., QUILL CORPORATION, and STAPLES, INC.,<br><br>    Defendants. | Civil Action No. 6:12cv142<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Soverain Software LLC, by its undersigned attorneys, for its complaint against Defendants International Business Machines Corp., Fossil, Inc., The Home Depot, Inc., The Home Depot U.S.A., Inc., Quill Corporation, and Staples, Inc., (collectively, "Defendants") hereby alleges the following:

INTRODUCTION

1. This is an action arising under the patent laws of the United States, Title 35 of the United States Code, for Defendant's infringement of U.S. Patent Nos. 5,715,314 and 5,909,492 (collectively, the "patents-in-suit").

2. Plaintiff Soverain Software LLC ("Soverain") is a Delaware limited liability company organized and existing under the laws of Delaware, with its principal place of business at 233 South Wacker Driver, Suite 9425, Chicago, IL 60606.

3. Upon information and belief, Defendant International Business Machines ("IBM") is a corporation organized and existing under the laws of the state of New York, with its principal place of business at 1 New Orchard Road, Armonk, NY 10504.

4. Upon information and belief, Defendant Fossil, Inc. ("Fossil") is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business at 901 S. Central Expressway, Richardson, TX 75080.

5. Upon information and belief, Defendant The Home Depot, Inc. is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business 2455 Paces Ferry Road, N.W., Atlanta, Georgia 30339. Upon information and belief, Defendant The Home Depot U.S.A., Inc. is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business 2455 Paces Ferry Road, N.W., Atlanta, Georgia 30339. The Home Depot, Inc. and The Home Depot U.S.A., Inc. will hereinafter be referred to collectively as "the Home Depot Defendants."

6. Upon information and belief, Defendant Staples, Inc. is a corporation organized and existing under the laws of the state of Delaware with its principal place of business at 500 Staples Drive, Framingham, Massachusetts 01702. Upon information and belief, Quill Corporation, a wholly owned subsidiary of Staples, Inc., is a corporation organized and existing under the laws of the state of Delaware with its principal place of business at 100 Schelter Road, Lincolnshire, IL 60069. Staples, Inc. and Quill Corporation will hereinafter be referred to collectively as "the Staples Defendants."

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8. This Court has personal jurisdiction over Defendants because Defendants have committed acts of infringement in violation of 35 U.S.C. § 271 and have placed infringing products into the stream of commerce, through an established distribution channel, with the

2

knowledge and/or understanding that such products are used in this District. These acts cause injury to Soverain within the District. On information and belief, Defendants derive substantial revenue from the infringing products used within the District, and/or expect or should reasonably expect their actions to have consequences within the District, and derive substantial revenue from interstate and international commerce.

9. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b). Moreover, Plaintiff Soverain has previously asserted the patents-in-suit in this Division, during which this Court issued several orders and opinions, conducted claim construction proceedings, and presided over trial. *See Soverain Software LLC v. Amazon.com, Inc. and The Gap, Inc*., Case No. 6:04-cv-014 (filed Jan. 12, 2004); *Soverain Software LLC v. CDW Corp., et al.,* Case No. 6:07-cv-511 (filed Nov. 23, 2007); *Soverain Software LLC v. J.C. Penney Corp., Inc. et al.,* Case No. 6:09-cv-274 (filed Jun. 25, 2009).

10. IBM and the other Defendants are properly joined in this action because IBM owns the accused WebSphere software. Upon information and belief, IBM has licensed its WebSphere software to the other Defendants, each of which utilizes the WebSphere software for its e-commerce websites.

THE PATENTS-IN-SUIT

11. Plaintiff Soverain is the owner of all right, title, and interest in U.S. Patent No. 5,715,314 (the "'314 patent") entitled "Network Sales System." The '314 patent was duly and properly issued by the United States Patent and Trademark Office on February 3, 1998 and assigned to Soverain. The PTO reexamined the '314 patent and issued *Ex Parte* Reexamination Certificate No. 5,715,314 C1 on October 9, 2007. A copy of the '314 patent is attached hereto as Exhibit A. A copy of the *Ex Parte* Reexamination Certificate 5,715,314 C1 is attached hereto as

Exhibit B.

12. Plaintiff Soverain is the owner of all right, title, and interest in U.S. Patent No. 5,909,492 (the "'492 patent") entitled "Network Sales System." The '492 patent was duly and properly issued by the United States Patent and Trademark Office on June 1, 1999 and assigned to Soverain. The PTO reexamined the '492 patent and issued *Ex Parte* Reexamination Certificate No. 5,909,492 C1 on August 7, 2007. A copy of the '492 patent is attached hereto as Exhibit C. A copy of the *Ex Parte* Reexamination Certificate No. 5,909,492 C1 is attached hereto as Exhibit D.

13. Plaintiff Soverain has marked its product with the numbers of one or more of the patents in suit.

## COUNT I:  INFRINGEMENT BY IBM

14. Upon information and belief, Defendant International Business Machines Corporation, through its development, use, sale, and offer for sale of the WebSphere e-commerce software and also through its systems and methods related to shopping for and purchasing items through websites, including but not limited to www.ibm.com/products/us/en, has infringed and continues to infringe, either literally or under the doctrine of equivalents, the '314 and '492 patents in violation of 35 U.S.C. §271 by: (a) making, using, offering for sale or selling within the United States, products or processes that practice inventions claimed in those patents; (b) inducing others to make, use, offer for sale or sell within the United States, products or processes that practice inventions claimed in those patents; or (c) contributing to the making, using, offering for sale or selling within the United States, products or processes that practice inventions claimed in those patents.

15. Plaintiff Soverain has been damaged by Defendant IBM's infringement and will

continue to be damaged by such infringement.

16. Plaintiff Soverain has suffered and continues to suffer irreparable harm and will continue to do so unless Defendant IBM is enjoined therefrom by this Court.

## COUNT II:  INFRINGEMENT BY FOSSIL

17. Upon information and belief, Defendant Fossil, Inc., through its use of systems and methods related to shopping for and purchasing items through Fossil's websites including but not limited to www.fossil.com, has infringed and continues to infringe, either literally or under the doctrine of equivalents, the '314 and '492 patents in violation of 35 U.S.C. §271 by: (a) making, using, offering for sale or selling within the United States, products or processes that practice inventions claimed in those patents; (b) inducing others to make, use, offer for sale or sell within the United States, products or processes that practice inventions claimed in those patents; or (c) contributing to the making, using, offering for sale or selling within the United States, products or processes that practice inventions claimed in those patents.

18. Plaintiff Soverain has been damaged by Defendant Fossil's infringement and will continue to be damaged by such infringement.

19. Plaintiff Soverain has suffered and continues to suffer irreparable harm and will continue to do so unless Defendant Fossil is enjoined therefrom by this Court.

## COUNT III:  INFRINGEMENT BY HOME DEPOT

20. Upon information and belief, the Home Depot Defendants, through their use of systems and methods related to shopping for and purchasing items through Home Depot's websites including but not limited to www.homedepot.com, have infringed and continue to infringe, either literally or under the doctrine of equivalents, the '314 and '492 patents in violation of 35 U.S.C. §271 by: (a) making, using, offering for sale or selling within the United

States, products or processes that practice inventions claimed in those patents; (b) inducing others to make, use, offer for sale or sell within the United States, products or processes that practice inventions claimed in those patents; or (c) contributing to the making, using, offering for sale or selling within the United States, products or processes that practice inventions claimed in those patents.

21. Plaintiff Soverain has been damaged by the Home Depot Defendants' infringement and will continue to be damaged by such infringement.

22. Plaintiff Soverain has suffered and continues to suffer irreparable harm and will continue to do so unless the Home Depot Defendants are enjoined therefrom by this Court.

### COUNT IV:  INFRINGEMENT BY STAPLES

23. Upon information and belief, the Staples Defendants, through their use of systems and methods related to shopping for and purchasing items through Staples' websites including but not limited to [www.staples.com](www.staples.com), [www.stapleslink.com](www.stapleslink.com), [www.staplesadvantage.com](www.staplesadvantage.com), and [www.quill.com](www.quill.com), have infringed and continue to infringe, either literally or under the doctrine of equivalents, the '314 and '492 patents in violation of 35 U.S.C. §271 by: (a) making, using, offering for sale or selling within the United States, products or processes that practice inventions claimed in those patents; (b) inducing others to make, use, offer for sale or sell within the United States, products or processes that practice inventions claimed in those patents; or (c) contributing to the making, using, offering for sale or selling within the United States, products or processes that practice inventions claimed in those patents.

24. Plaintiff Soverain has been damaged by the Staples Defendants' infringement and will continue to be damaged by such infringement.

25. Plaintiff Soverain has suffered and continues to suffer irreparable harm and will

continue to do so unless the Staples Defendants are enjoined therefrom by this Court.

## JURY DEMAND

26.     Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Soverain respectfully requests a trial by jury on all issues.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Soverain requests entry of judgment in its favor and against Defendants as follows:

A.  Declaring that IBM, Fossil, the Home Depot Defendants, and the Staples Defendants have infringed U.S. Patent Nos. 5,715,314 and 5,909,492.

B.  Awarding the damages arising out of IBM, Fossil, the Home Depot Defendants, and the Staples Defendants' infringement of U.S. Patent Nos. 5,715,314 and 5,909,492, including enhanced damages pursuant to 35 U.S.C. § 284, to Soverain, together with prejudgment and post-judgment interest, in an amount according to proof;

C.  Permanently enjoining IBM, Fossil, the Home Depot Defendants, and the Staples Defendants and their respective officers, agents, employees, and those acting in privity with them, from further infringement, including contributory infringement and/or inducing infringement, of U.S. Patent Nos. 5,715,314 and 5,909,492.

D.  Awarding attorneys' fees pursuant to 35 U.S.C. § 285 or as otherwise permitted by law; and

E.  Awarding such other costs and further relief as the Court may deem just and proper.

DATED: March 14, 2012 Respectfully submitted,

    By: <u>/s/ John Ward, Jr.</u>
        T. John Ward, Jr.
        State Bar No. 00794818
        jw@wsfirm.com
        J. Wesley Hill
        State Bar No. 24032294
        wh@wsfirm.com
        Claire Abernathy Henry
        State Bar No. 24053063
        claire@wsfirm.com
        WARD AND SMITH LAW FIRM
        111 W. Tyler St.
        Longview, Texas 75601
        Telephone (903) 757-6400
        Facsimile (903) 757-2323

        Max L. Tribble, Jr. – Lead Counsel
        State Bar No. 20213950
        mtribble@susmangodfrey.com
        John P. Lahad
        State Bar No. 24068095
        jlahad@susmangodfrey.com
        SUSMAN GODFREY L.L.P.
        1000 Louisiana Street, Suite 5100
        Houston, Texas 77002
        Telephone: (713) 651-9366
        Facsimile: (713) 654-6666

        Justin A. Nelson
        State Bar No. 24034766
        jnelson@susmangodfrey.com
        SUSMAN GODFREY L.L.P.
        1201 Third Ave, Suite 3800
        Seattle, WA 98101
        Telephone: (206) 516-3880
        Facsimile: (206) 516-3883

        Victoria Cook
        State Bar No. 24031912
        vcook@susmangodfrey.com
        Kalpana Srinivasan
        CA State Bar No. 237460
        ksrinivasan@susmangodfrey.com
        SUSMAN GODFREY L.L.P.
        1901 Avenue of the Stars, Suite 950
        Los Angeles, CA 90067
        Telephone: (310) 789-3100
        Facsimile: (310) 789-3150

Michael C. Smith
State Bar No. 18650410
SIEBMAN, BURG, PHILLIPS & SMITH L.L.P.
113 East Austin St.
P.O. Box 1556
Marshall, Texas 75671
Telephone: (903) 938-8900
Facsimile: (903) 767-4620
michaelsmith@seibman.com

S. Calvin Capshaw
State Bar No. 03783900
Elizabeth L. DeRieux
State Bar No. 05770585
CAPSHAW DERIEUX, LLP
1127 Judson Road, Suite 220
P. O. Box 3999
Longview, Texas 75601-5157
Telephone:  (903) 236-9800
Facsimile:  (903) 236-8787
ccapshaw@capshawlaw.com
ederieux@capshawlaw.com

*Attorneys for Soverain Software LLC*