IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **SOVERAIN SOFTWARE LLC,** <br><br> Plaintiff, <br><br> v. <br><br> **INTERNATIONAL BUSINESS MACHINES CORP., FOSSIL, INC., HOME DEPOT U.S.A., INC., QUILL CORPORATION, and STAPLES, INC.,** <br><br> Defendants. | § § § § § § § § § § § § § § <br><br> Civil Action No. 6:12-cv-142 <br><br> **JURY TRIAL DEMANDED** |

### FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Soverain Software LLC, by its undersigned attorneys, for its complaint against Defendants International Business Machines Corp., Fossil, Inc., Home Depot U.S.A., Inc., Quill Corporation, and Staples, Inc., (collectively, "Defendants") hereby alleges the following:

### INTRODUCTION

1. This is an action arising under the patent laws of the United States, Title 35 of the United States Code, for Defendant's infringement of U.S. Patent Nos. 5,715,314 and 5,909,492 (collectively, the "patents-in-suit").

2. Plaintiff Soverain Software LLC ("Soverain") is a Delaware limited liability company organized and existing under the laws of Delaware, with its principal place of business at 233 South Wacker Drive, Suite 9425, Chicago, IL 60606.

3. Upon information and belief, Defendant International Business Machines ("IBM") is a corporation organized and existing under the laws of the state of New York, with its principal place of business at 1 New Orchard Road, Armonk, NY 10504.

4. Upon information and belief, Defendant Fossil, Inc. ("Fossil") is a corporation

organized and existing under the laws of the state of Delaware, with its principal place of business at 901 S. Central Expressway, Richardson, TX 75080.

5. Upon information and belief, Defendant Home Depot U.S.A., Inc. ("Home Depot") is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business 2455 Paces Ferry Road, N.W., Atlanta, Georgia 30339.

6. Upon information and belief, Defendant Staples, Inc. is a corporation organized and existing under the laws of the state of Delaware with its principal place of business at 500 Staples Drive, Framingham, Massachusetts 01702. Upon information and belief, Quill Corporation, a wholly owned subsidiary of Staples, Inc., is a corporation organized and existing under the laws of the state of Delaware with its principal place of business at 100 Schelter Road, Lincolnshire, IL 60069. Staples, Inc. and Quill Corporation will hereinafter be referred to collectively as "the Staples Defendants."

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8. This Court has personal jurisdiction over Defendants because Defendants have committed acts of infringement in violation of 35 U.S.C. § 271 and have placed infringing products into the stream of commerce, through an established distribution channel, with the knowledge and/or understanding that such products are used in this District. These acts cause injury to Soverain within the District. On information and belief, Defendants derive substantial revenue from the infringing products used within the District, and/or expect or should reasonably expect their actions to have consequences within the District, and derive substantial revenue from interstate and international commerce.

9. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b). Moreover, Plaintiff Soverain has previously asserted the patents-in-suit in this Division, during which this Court issued several orders and opinions, conducted claim construction proceedings, and presided over trial. *See Soverain Software LLC v. Amazon.com, Inc. and The Gap, Inc.*, Case No. 6:04-cv-014 (filed Jan. 12, 2004); *Soverain Software LLC v. CDW Corp., et al.,* Case No. 6:07-cv-511 (filed Nov. 23, 2007); *Soverain Software LLC v. J.C. Penney Corp., Inc. et al.,* Case No. 6:09-cv-274 (filed Jun. 25, 2009).

10. IBM and the other Defendants are properly joined in this action because IBM owns the accused WebSphere software. Upon information and belief, IBM has licensed its WebSphere software to the other Defendants, each of which utilizes the WebSphere software for its e-commerce websites.

## THE PATENTS-IN-SUIT

11. Plaintiff Soverain is the owner of all right, title, and interest in U.S. Patent No. 5,715,314 (the "'314 patent") entitled "Network Sales System." The '314 patent was duly and properly issued by the United States Patent and Trademark Office on February 3, 1998 and assigned to Soverain. The PTO reexamined the '314 patent and issued *Ex Parte* Reexamination Certificate No. 5,715,314 C1 on October 9, 2007. A copy of the '314 patent is attached hereto as Exhibit A. A copy of the *Ex Parte* Reexamination Certificate 5,715,314 C1 is attached hereto as Exhibit B.

12. Plaintiff Soverain is the owner of all right, title, and interest in U.S. Patent No. 5,909,492 (the "'492 patent") entitled "Network Sales System." The '492 patent was duly and properly issued by the United States Patent and Trademark Office on June 1, 1999 and assigned to Soverain. The PTO reexamined the '492 patent and issued *Ex Parte* Reexamination

Certificate No. 5,909,492 C1 on August 7, 2007. A copy of the '492 patent is attached hereto as Exhibit C. A copy of the *Ex Parte* Reexamination Certificate No. 5,909,492 C1 is attached hereto as Exhibit D.

13. Plaintiff Soverain has marked its product with the numbers of one or more of the patents in suit.

COUNT I: INFRINGEMENT BY IBM

14. Upon information and belief, Defendant International Business Machines Corporation, through its development, use, sale, and offer for sale of the WebSphere e-commerce software and also through other systems and methods related to shopping for and purchasing items through e-commerce websites and network-based sales systems, including but not limited to www.ibm.com/products/us/en, has infringed and continues to infringe, either literally or under the doctrine of equivalents, the '314 and '492 patents in violation of 35 U.S.C. §271(a) by making, using, offering for sale or selling within the United States, products or processes that practice inventions claimed in those patents.

15. Upon information and belief, IBM has infringed and continues to infringe the '314 and '492 patents in violation of 35 U.S.C. §271(b) by inducing others to make, use, offer for sale or sell within the United States, products or processes that practice inventions claimed in those patents. For example, IBM's clients, such as Fossil, Home Depot, and the Staples Defendants ("the Retailers"), practice and directly infringe one or more claims of the patents-in-suit by, among other acts, using Oracle's systems and software to implement their respective e-commerce websites and network-based sales systems. Additionally, the Retailers also directly infringe one or more claims of the patents-in-suit by, among other acts, using IBM's systems and software to implement their hypertext statement systems for storing and retrieving order details

and status.

16. The Retailers' customers also independently practice and directly infringe one or more claims of the patents-in-suit by, among other acts, accessing the Retailers' websites, such as www.fossil.com, www.homedepot.com, www.staples.com, and www.quill.com to search for products offered and sold by the Retailers, adding to and removing products from an electronic shopping cart maintained by the Retailers, and ultimately paying for those products from the Retailers. The Retailers' customers also directly infringe one or more claims of the patents-in-suit by, among other acts, accessing the Retailers' websites, network-based sales systems, and hypertext statement systems to retrieve the details and status of orders placed with the Retailers. All of this is performed over computers interconnected by a network.

17. Plaintiff Soverain has previously asserted these and other patents against companies operating similar e-commerce websites, including some of the largest retailers—web-based or otherwise—in the United States. *See supra* ¶9. It is thus more than reasonable to infer that IBM either had actual knowledge of or was willfully blind to the patents-in-suit and Plaintiff's general infringement theories before the filing of this suit. In any event, IBM has actual knowledge of the patents-in-suit as of the date of Plaintiff's Complaint.

18. Moreover, IBM affirmatively contracts with, sells, offers to sell, markets, advertises, and encourages the Retailers to implement the network-based sales system and hypertext statement system functionalities into their respective e-commerce websites. This context and common sense give rise to a more than reasonable inference that IBM intended to induce the Retailers and the Retailer's customers to practice the claimed systems and methods and therefore infringe one or more claims of the patents-in-suit. Because IBM specifically intended to induce the Retailers and the Retailers' customers to practice the inventions of the

patents-in-suit and did so with knowledge of the patents-in-suit, IBM is liable for infringement under 35 U.S.C. §271(b).

19. Upon information and belief, IBM has infringed and continues to infringe the '314 and '492 patents in violation of 35 U.S.C. §271(c) by contributing to the making, using, selling, or offering for sale within the United States, products or processes that practice inventions claimed in those patents.  Plaintiff Soverain incorporates by reference the allegations in the preceding paragraphs.  The Retailers and similar customers implementing IBM's system and software for e-commerce websites and network-based sales systems practice the patents-in-suit.  Similarly, each Retailer's customer purchasing products through websites such as www.fossil.com, www.homedepot.com, www.staples.com, and www.quill.com, practices the patents-in-suit.  The accused systems and methods cannot be used for purposes other than infringement.  Because the accused systems and methods have no substantial non-infringing uses, IBM is liable for contributory infringement.

20. Plaintiff Soverain has been damaged by Defendant IBM's infringement and will continue to be damaged by such infringement.

21. Plaintiff Soverain has suffered and continues to suffer irreparable harm and will continue to do so unless Defendant IBM is enjoined therefrom by this Court.

## COUNT II:  INFRINGEMENT BY FOSSIL

22. Upon information and belief, Fossil, through its use of systems and methods related to shopping for and purchasing items through websites and network-based sales systems, including but not limited to www.fossil.com, has infringed and continues to infringe, either literally or under the doctrine of equivalents, the '314 and '492 patents in violation of 35 U.S.C. §271(a) by making, using, offering for sale or selling within the United States, products or

processes that practice inventions claimed in those patents.

23. Upon information and belief, Fossil, through its use of systems and methods related to shopping for and purchasing items through its websites and network-based sales systems, has infringed and continues to infringe the '314 and '492 patents in violation of 35 U.S.C. §271(b) by inducing others to make, use, sell, or offer for sale within the United States, products or processes that practice inventions claimed in those patents. In particular, Fossil's customers practice and directly infringe one or more claims of the patents-in-suit by, among other acts, accessing www.fossil.com to search for products offered and sold by Fossil, adding to and removing products from an electronic shopping cart maintained by Fossil, and ultimately paying for those products from Fossil. Fossil's customers also directly infringe one or more claims of the patents-in-suit by, among other acts, accessing Fossil's websites, network-based sales systems, and hypertext statement systems to retrieve the details and status of orders placed with Fossil. All of this is performed over computers interconnected by a network.

24. As discussed above, Plaintiff Soverain has previously asserted these and other patents against several companies operating similar e-commerce websites, including some of the largest retailers in the United States. *See supra* ¶9. When viewed in the context of the industry in which the claimed network sales systems and hypertext statement systems are used, it is reasonable to infer that Fossil either had actual knowledge of or was willfully blind to the patents-in-suit and Plaintiff's general infringement theories before the filing of this suit. In any event, Fossil has actual knowledge of the patents-in-suit as of the date of Plaintiff's Complaint.

25. Moreover, Fossil allows and encourages visitors and customers of www.fossil.com to utilize the network-based sales systems and hypertext statement systems, which—along with common sense— creates a reasonable inference that Fossil intended to have

its customers practice the claimed systems and methods and therefore infringe one or more claims of the patents-in-suit.  Because Fossil specifically intended to induce its customers to practice the inventions of the patents-in-suit and did so with knowledge of the patents-in-suit, Fossil is liable for infringement under 35 U.S.C. §271(b).

26. Upon information and belief, Fossil, through its use of systems and methods related to shopping for and purchasing items through its websites, have infringed and continue to infringe the '314 and '492 patents in violation of 35 U.S.C. §271(c) by contributing to the making, using, selling, or offering for sale within the United States, products or processes that practice inventions claimed in those patents.  Plaintiff Soverain incorporates by reference the allegations in the preceding paragraphs.  In addition, each customer purchasing products through www.fossil.com practices the patents-in-suit.  The accused systems and methods cannot be used for purposes other than infringement.  Because the accused systems and methods have no substantial non-infringing uses, Fossil is liable for contributory infringement.

27. Plaintiff Soverain has been damaged by Defendant Fossil's infringement and will continue to be damaged by such infringement.

28. Plaintiff Soverain has suffered and continues to suffer irreparable harm and will continue to do so unless Defendant Fossil is enjoined therefrom by this Court.

COUNT III:  INFRINGEMENT BY HOME DEPOT

29. Upon information and belief, Home Depot, through its use of systems and methods related to shopping for and purchasing items through websites and network-based sales systems, including but not limited to www.homedepot.com, has infringed and continues to infringe, either literally or under the doctrine of equivalents, the '314 and '492 patents in violation of 35 U.S.C. §271(a) by making, using, offering for sale or selling within the United

States, products or processes that practice inventions claimed in those patents.

30.     Upon information and belief, Home Depot, through its use of systems and methods related to shopping for and purchasing items through its websites and network-based sales systems, has infringed and continues to infringe the '314 and '492 patents in violation of 35 U.S.C. §271(b) by inducing others to make, use, sell, or offer for sale within the United States, products or processes that practice inventions claimed in those patents.  In particular, Home Depot's customers practice and directly infringe one or more claims of the patents-in-suit by, among other acts, accessing [www.homedepot.com](www.homedepot.com) to search for products offered and sold by Home Depot, adding to and removing products from an electronic shopping cart maintained by Home Depot, and ultimately paying for those products from Home Depot.  Home Depot's customers also directly infringe one or more claims of the patents-in-suit by, among other acts, accessing Home Depot's websites, network-based sales systems, and hypertext statement systems to retrieve the details and status of orders placed with Home Depot.  All of this is performed over computers interconnected by a network.

31.     As discussed above, Plaintiff Soverain has previously asserted these and other patents against several companies operating similar e-commerce websites, including some of the largest retailers in the United States.  *See supra* ¶9.  When viewed in the context of the industry in which the claimed network sales systems and hypertext statement systems are used, it is reasonable to infer that Home Depot either had actual knowledge of or was willfully blind to the patents-in-suit and Plaintiff's general infringement theories before the filing of this suit.  In any event, Home Depot has actual knowledge of the patents-in-suit as of the date of Plaintiff's Complaint.

32.     Moreover, Home Depot allows and encourages visitors and customers of

www.homedepot.com to utilize the network-based sales systems and hypertext statement systems, which—along with common sense— creates a reasonable inference that Home Depot intended to have its customers practice the claimed systems and methods and therefore infringe one or more claims of the patents-in-suit.  Because Home Depot specifically intended to induce its customers to practice the inventions of the patents-in-suit and did so with knowledge of the patents-in-suit, Home Depot is liable for infringement under 35 U.S.C. §271(b).

33. Upon information and belief, Home Depot, through its use of systems and methods related to shopping for and purchasing items through its websites, have infringed and continue to infringe the '314 and '492 patents in violation of 35 U.S.C. §271(c) by contributing to the making, using, selling, or offering for sale within the United States, products or processes that practice inventions claimed in those patents.  Plaintiff Soverain incorporates by reference the allegations in the preceding paragraphs.  In addition, each customer purchasing products through www.homedepot.com practices the patents-in-suit.  The accused systems and methods cannot be used for purposes other than infringement.  Because the accused systems and methods have no substantial non-infringing uses, Home Depot is liable for contributory infringement.

34. Plaintiff Soverain has been damaged by Home Depot's infringement and will continue to be damaged by such infringement.

35. Plaintiff Soverain has suffered and continues to suffer irreparable harm and will continue to do so unless Home Depot is enjoined therefrom by this Court.

COUNT IV:  INFRINGEMENT BY STAPLES

36. Upon information and belief, the Staples Defendants, through their use of systems and methods related to shopping for and purchasing items through Staples' websites and network-based sales systems, including but not limited to www.staples.com,

www.stapleslink.com, www.staplesadvantage.com, and www.quill.com, have infringed and continue to infringe, either literally or under the doctrine of equivalents, the '314 and '492 patents in violation of 35 U.S.C. §271(a) by making, using, offering for sale or selling within the United States, products or processes that practice inventions claimed in those patents.

37. Upon information and belief, the Staples Defendants, through their use of systems and methods related to shopping for and purchasing items through their websites and network-based sales systems, have infringed and continue to infringe the '314 and '492 patents in violation of 35 U.S.C. §271(b) by inducing others to make, use, sell, or offer for sale within the United States, products or processes that practice inventions claimed in those patents. In particular, the Staples Defendants' customers practice and directly infringe one or more claims of the patents-in-suit by, among other acts, accessing www.staples.com, www.stapleslink.com, www.staplesadvantage.com, and www.quill.com to search for products offered and sold by the Staples Defendants, adding to and removing products from an electronic shopping cart maintained by the Staples Defendants, and ultimately paying for those products from the Staples Defendants. The Staples Defendants' customers also directly infringe one or more claims of the patents-in-suit by, among other acts, accessing the Staples Defendants' websites, network-based sales systems, and hypertext statement systems to retrieve the details and status of orders placed with the Staples Defendants. All of this is performed over computers interconnected by a network.

38. As discussed above, Plaintiff Soverain has previously asserted these and other patents against several companies operating similar e-commerce websites, including some of the largest retailers in the United States. *See supra* ¶9. When viewed in the context of the industry in which the claimed network sales systems and hypertext statement systems are used, it is

reasonable to infer that the Staples Defendants either had actual knowledge of or were willfully blind to the patents-in-suit and Plaintiff's general infringement theories before the filing of this suit. In any event, the Staples Defendants have actual knowledge of the patents-in-suit as of the date of Plaintiff's Complaint.

39. Moreover, the Staples Defendants allow and encourage visitors and customers of www.staples.com, www.stapleslink.com, www.staplesadvantage.com, and www.quill.com to utilize the network-based sales systems and hypertext statement systems, which—along with common sense— creates a reasonable inference that the Staples Defendants intended to have their customers practice the claimed systems and methods and therefore infringe one or more claims of the patents-in-suit. Because the Staples Defendants specifically intended to induce their customers to practice the inventions of the patents-in-suit and did so with knowledge of the patents-in-suit, the Staples Defendants are liable for infringement under 35 U.S.C. §271(b).

40. Upon information and belief, the Staples Defendants, through their use of systems and methods related to shopping for and purchasing items through their websites, have infringed and continue to infringe the '314 and '492 patents in violation of 35 U.S.C. §271(c) by contributing to the making, using, selling, or offering for sale within the United States, products or processes that practice inventions claimed in those patents. Plaintiff Soverain incorporates by reference the allegations in the preceding paragraphs. In addition, each customer purchasing products through www.staples.com, www.stapleslink.com, www.staplesadvantage.com, and www.quill.com practices the patents-in-suit. The accused systems and methods cannot be used for purposes other than infringement. Because the accused systems and methods have no substantial non-infringing uses, the Staples Defendants are liable for contributory infringement.

41. Plaintiff Soverain has been damaged by the Staples Defendants' infringement and

will continue to be damaged by such infringement.

42. Plaintiff Soverain has suffered and continues to suffer irreparable harm and will continue to do so unless the Staples Defendants are enjoined therefrom by this Court.

## JURY DEMAND

43. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Soverain respectfully requests a trial by jury on all issues.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Soverain requests entry of judgment in its favor and against Defendants as follows:

A. Declaring that IBM, Fossil, Home Depot, and the Staples Defendants have infringed U.S. Patent Nos. 5,715,314 and 5,909,492.

B. Awarding the damages arising out of IBM, Fossil, Home Depot, and the Staples Defendants' infringement of U.S. Patent Nos. 5,715,314 and 5,909,492, including enhanced damages pursuant to 35 U.S.C. § 284, to Soverain, together with prejudgment and post-judgment interest, in an amount according to proof;

C. Permanently enjoining IBM, Fossil, Home Depot, and the Staples Defendants and their respective officers, agents, employees, and those acting in privity with them, from further infringement, including contributory infringement and/or inducing infringement, of U.S. Patent Nos. 5,715,314 and 5,909,492.

D. Awarding attorneys' fees pursuant to 35 U.S.C. § 285 or as otherwise permitted by law; and

E. Awarding such other costs and further relief as the Court may deem just and proper.

DATED: July 2, 2012          Respectfully submitted,

By: /s/ John P. Lahad
T. John Ward, Jr.
State Bar No. 00794818
jw@wsfirm.com
J. Wesley Hill
State Bar No. 24032294
wh@wsfirm.com
Claire Abernathy Henry
State Bar No. 24053063
claire@wsfirm.com
WARD AND SMITH LAW FIRM
111 W. Tyler St.
Longview, Texas 75601
Telephone (903) 757-6400
Facsimile (903) 757-2323

Max L. Tribble, Jr. – Lead Counsel
State Bar No. 20213950
mtribble@susmangodfrey.com
John P. Lahad
State Bar No. 24068095
jlahad@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

Justin A. Nelson
State Bar No. 24034766
jnelson@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1201 Third Ave, Suite 3800
Seattle, WA 98101
Telephone: (206) 516-3880
Facsimile: (206) 516-3883

Victoria Cook
State Bar No. 24031912
vcook@susmangodfrey.com
Kalpana Srinivasan
CA State Bar No. 237460
ksrinivasan@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150

Michael C. Smith
State Bar No. 18650410
SIEBMAN, BURG, PHILLIPS & SMITH L.L.P.
113 East Austin St.
P.O. Box 1556
Marshall, Texas 75671
Telephone: (903) 938-8900
Facsimile: (903) 767-4620
michaelsmith@seibman.com

S. Calvin Capshaw
State Bar No. 03783900
Elizabeth L. DeRieux
State Bar No. 05770585
CAPSHAW DERIEUX, LLP
1127 Judson Road, Suite 220
P. O. Box 3999
Longview, Texas 75601-5157
Telephone: (903) 236-9800
Facsimile: (903) 236-8787
ccapshaw@capshawlaw.com
ederieux@capshawlaw.com

*Attorneys for Soverain Software LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on July 2, 2012.


/s/ John P. Lahad