# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| SOVERAIN SOFTWARE LLC, | § | |
| Plaintiff, | § | Civil Action No. 6:12-CV-142-LED |
| v. | § | |
| INTERNATIONAL BUSINESS MACHINES CORP., *et al.*, | § | JURY TRIAL DEMANDED |
| Defendants. | § | |

## HOME DEPOT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

Defendant Home Depot U.S.A., Inc. ("Home Depot"), by and through its undersigned counsel, hereby answers the First Amended Complaint For Patent Infringement ("Complaint") of Plaintiff Soverain Software LLC ("Soverain") as follows:

## ANSWER TO COMPLAINT

### Introduction

1. Home Depot admits that the Complaint purports to set forth an action arising under the patent laws of the United States, Title 35 of the United States Code, but denies that there are any factual or legal bases for Plaintiff's claims of infringement.

2. Home Depot lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint and therefore denies them.

3. Home Depot lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint and therefore denies them.

4. Home Depot lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint and therefore denies them.

1

5.  Home Depot admits the allegations contained in paragraph 5 of the Complaint.

6.  Home Depot lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint and therefore denies them.

**Jurisdiction and Venue**

7.  Home Depot admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8.  Home Depot concedes personal jurisdiction in this District for the limited purposes of this action. All other allegations contained in paragraph 8 of the Complaint pertaining to Home Depot are denied. Home Depot lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained paragraph 8 of the Complaint as they pertain to the other defendants and therefore denies them. To the extent that paragraph 8 of the Complaint contains any other or different allegations, they are denied.

9.  Home Depot concedes that venue is proper in this District for the limited purposes of this action, but denies that this is the most convenient forum. Home Depot lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 9 of the Complaint and therefore denies them.

10. Home Depot admits that it licenses and uses WebSphere Commerce software from International Business Machines Corp. ("IBM"). Home Depot lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 10 of the Complaint and therefore denies them.

**The Patents-In-Suit**

11. Home Depot admits that U.S. Patent No. 5,715,314 ("the '314 patent"), entitled "Network Sales System," bears an issue date of February 3, 1998. Home Depot admits that a

document purporting to be a copy of the '314 patent is attached to the Complaint as Exhibit A, and that a document purporting to be a Reexamination Certificate 5,715,314 C1 is attached to the Complaint as Exhibit B. Home Depot lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 11 of the Complaint and therefore denies them.

12. Home Depot admits that U.S. Patent No. 5,909,492 ("the '492 patent"), entitled "Network Sales System," bears an issue date of June 1, 1999. Home Depot admits that a document purporting to be a copy of the '492 patent is attached to the Complaint as Exhibit C, and that a document purporting to be a Reexamination Certificate 5,909,492 C1 is attached to the Complaint as Exhibit D. Home Depot lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 12 of the Complaint and therefore denies them.

13. Home Depot lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint and therefore denies them.

**Count I: Infringement By IBM**

14. Home Depot lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint and therefore denies them.

15. Home Depot lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint and therefore denies them.

16. Home Depot lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint and therefore denies them.

17. Home Depot lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint and therefore denies them.

18. Home Depot lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint and therefore denies them.

19. Home Depot lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint and therefore denies them.

20. Home Depot lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint and therefore denies them.

21. Home Depot lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint and therefore denies them.

**Count II: Infringement By Fossil**

22. Home Depot lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint and therefore denies them.

23. Home Depot lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint and therefore denies them.

24. Home Depot lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint and therefore denies them.

25. Home Depot lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint and therefore denies them.

26. Home Depot lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint and therefore denies them.

27. Home Depot lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint and therefore denies them.

28. Home Depot lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint and therefore denies them.

### Count III: Infringement By Home Depot

29. Home Depot denies the allegations contained in paragraph 29 of the Complaint.

30. Home Depot denies the allegations contained in paragraph 30 of the Complaint.

31. Home Depot admits that it was informed of the existence of the patents-in-suit on or about the date of Plaintiff's Complaint. Home Depot lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's previous assertions of these patents and therefore denies them. Home Depot denies the remaining allegations contained in paragraph 31 of the Complaint.

32. Home Depot denies the allegations contained in paragraph 32 of the Complaint.

33. Home Depot denies the allegations contained in paragraph 33 of the Complaint.

34. Home Depot denies the allegations contained in paragraph 34 of the Complaint.

35. Home Depot denies the allegations contained in paragraph 35 of the Complaint.

### Count IV: Infringement By Staples

36. Home Depot lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Complaint and therefore denies them.

37. Home Depot lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Complaint and therefore denies them.

38. Home Depot lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint and therefore denies them.

39. Home Depot lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Complaint and therefore denies them.

40. Home Depot lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Complaint and therefore denies them.

41. Home Depot lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the Complaint and therefore denies them.

42. Home Depot lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Complaint and therefore denies them.

**Jury Demand**

43. Paragraph 43 does not require a response.

**Answer To Prayer For Relief**

44. Home Depot denies that Plaintiff is entitled to any relief whatsoever in this action, either as prayed for in the Complaint or otherwise.

45. Home Depot further denies each and every allegation contained in the Complaint to which it has not specifically responded.

**AFFIRMATIVE AND OTHER DEFENSES**

Home Depot alleges and asserts the following defenses in response to the allegations of the Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein:

46. The Complaint fails to state a claim upon which relief can be granted.

47. Home Depot does not infringe and has not infringed any claim of the patents-in-suit, either directly or indirectly, or literally or under the doctrine of equivalents.

48. The claims of the patents-in-suit are invalid for failing to comply with one or more of the conditions for patentability as set forth in Title 35 of the United States Code, including without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

49. Plaintiff's claims are barred in whole or in part by the doctrine of laches.

50. Plaintiff is estopped based on statements, representations, and admissions made during prosecution of the patent applications that led to the patents-in-suit and during the reexaminations of the patents-in-suit from asserting any interpretation of the claims of the patents-in-suit that would be broad enough to cover any of Home Depot's products or methods alleged to infringe the patents-in-suit.

51. Upon information and belief, Plaintiff is not entitled to pre-filing damages because it has not complied with 35 U.S.C. § 287(a).

52. Plaintiff is precluded from recovering any damages for any alleged infringement that occurred more than six years prior to the commencement of this action.

53. Plaintiff's claims for injunctive relief are barred because Plaintiff fails to meet the requirements for obtaining injunctive relief.

54. Home Depot reserves the right to assert any additional defenses as they become known during the course of this action or to the extent they are not otherwise deemed affirmative defenses by law.

## **COUNTERCLAIMS**

Home Depot, for its counterclaims against Plaintiff, alleges as follows:

### **THE PARTIES**

55. Home Depot is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 2455 Paces Ferry Road, N.W., Atlanta, Georgia 30339.

56. Upon information and belief, Plaintiff Soverain Software LLC is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business at 233 South Wacker Drive, Suite 9425, Chicago, IL 60606.

**JURISDICTION AND VENUE**

57. This is a civil action for a declaration of non-infringement, invalidity, and unenforceability of the '314 patent and the '492 patent arising under the Declaratory Judgment Act, 28 U.S.C. § 2201, et seq., and the Patent Laws of the United States, 35 U.S.C. § 1, et seq.

58. This Court has subject matter jurisdiction over these counterclaims pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202, and 28 U.S.C. §§ 1331 and 1338(a).

59. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c), and 28 U.S.C. § 1400(b), and because Plaintiff filed its Complaint in this district.

**COUNT I**

**DECLARATORY JUDGMENT OF NONINFRINGEMENT, INVALIDITY, AND UNENFORCEABILITY OF THE '314 PATENT**

60. Home Depot incorporates by reference and realleges the allegations contained in paragraphs 56 through 60 above as though fully set forth herein.

61. On March 14, 2012, Plaintiff filed a Complaint in this Court alleging that Home Depot infringes the '314 patent and that Plaintiff is the owner of all right, title, and interest in the '314 patent.

62. On July 2, 2012, Plaintiff filed a First Amended Complaint in this Court alleging that Home Depot infringes the '314 patent and that Plaintiff is the owner of all right, title, and interest in the '314 patent.

63. Home Depot does not infringe and has not infringed any claim of the '314 patent, either directly or indirectly, or literally or under the doctrine of equivalents.

64. The claims of the '314 patent are invalid for failing to comply with one or more of the conditions for patentability as set forth in Title 35 of the United States Code, including without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

65. The '314 patent is unenforceable against Home Depot in whole or in part under the doctrine of laches.

66. As demonstrated by the Complaint filed by Plaintiff and the defenses and counterclaims raised by Home Depot in this action, an actual and justiciable controversy exists between Home Depot and Plaintiff regarding the noninfringement, invalidity, and unenforceability of the '314 patent.

67. A judicial declaration of noninfringement, invalidity, and unenforceability of the '314 patent is necessary and appropriate to resolve this controversy.

## COUNT II

### DECLARATORY JUDGMENT OF NONINFRINGEMENT, INVALIDITY, AND UNENFORCEABILITY OF THE '492 PATENT

68. Home Depot incorporates by reference and realleges the allegations contained in paragraphs 56 through 68 above as though fully set forth herein.

69. On March 14, 2012, Plaintiff filed a Complaint in this Court alleging that Home Depot infringes the '492 patent and that Plaintiff is the owner of all right, title, and interest in the '492 patent.

70. On July 2, 2012, Plaintiff filed a First Amended Complaint in this Court alleging that Home Depot infringes the '492 patent and that Plaintiff is the owner of all right, title, and interest in the '492 patent.

71. Home Depot does not infringe and has not infringed any claim of the '492 patent, either directly or indirectly, or literally or under the doctrine of equivalents.

72. The claims of the '492 patent are invalid for failing to comply with one or more of the conditions for patentability as set forth in Title 35 of the United States Code, including without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

73. The '492 patent is unenforceable against Home Depot in whole or in part under the doctrine of laches.

74. As demonstrated by the Complaint filed by Plaintiff and the defenses and counterclaims raised by Home Depot in this action, an actual and justiciable controversy exists between Home Depot and Plaintiff regarding the noninfringement, invalidity, and unenforceability of the '492 patent.

75. A judicial declaration of noninfringement, invalidity, and unenforceability of the '492 patent is necessary and appropriate to resolve this controversy.

## PRAYER FOR RELIEF

WHEREFORE, Home Depot prays for judgment in its favor and against Plaintiff and that Home Depot be granted the following relief:

A. Dismissal with prejudice of Plaintiff's Complaint in its entirety as it relates to Home Depot;

B. Denial of all remedies and relief sought by Plaintiff in its Complaint;

C. Declaring that Home Depot does not infringe and has not infringed any claim of the '314 patent, either directly or indirectly, or literally or under the doctrine of equivalents;

D. Declaring that Home Depot does not infringe and has not infringed any claim of the '492 patent, either directly or indirectly, or literally or under the doctrine of equivalents;

E. Declaring that the claims of the '314 patent are invalid for failing to comply with one or more of the conditions for patentability as set forth in Title 35 of the United States Code, including without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112;

F. Declaring that the claims of the '492 patent are invalid for failing to comply with one or more of the conditions for patentability as set forth in Title 35 of the United States Code, including without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112;

G. Declaring that the '314 patent is unenforceable against Home Depot in whole or in part under the doctrine of laches;

H. Declaring that the '492 patent is unenforceable against Home Depot in whole or in part under the doctrine of laches;

I. Declaring that this is an exceptional case pursuant to 35 U.S.C. § 285 and awarding Home Depot its costs, expenses, and disbursements in this action, including reasonable attorneys' fees; and

J. Awarding Home Depot such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Home Depot hereby demands a jury trial on all issues so triable.

Respectfully submitted,

*Eric M. Albritton*
Eric M. Albritton
Texas State Bar No. 00790215
ema@emafirm.com
ALBRITTON LAW FIRM
P.O. Box 2649
Longview, Texas 75606
Telephone: (903) 757-8449
Facsimile: (903) 758-7397

John M. Desmarais
jdesmarais@desmaraisllp.com
Jon T. Hohenthaner
jhohenthaner@desmaraisllp.com
Richard M. Cowell
rcowell@desmaraisllp.com
DESMARAIS LLP
230 Park Ave.
New York, New York 10169
Telephone: (201) 351-3400
Facsimile: (201) 351-3401

*Counsel for Home Depot U.S.A., Inc.*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email, on this the 19th day of July 2011.

*Eric M. Albritton*